IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **WINIFRED PETTIS,** )<br>**CARETTA McLEAN,** )<br>**WILTON McLEAN** )<br>                                                    )<br>         **Plaintiffs,**                 )<br>                                                    )<br>                 v.                              )<br>                                                    )<br>**NCO FINANCIAL SYSTEMS, INC.** )<br>                                                    )<br>         **Defendant.**                )  | **Civil Action No.** |

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### INTRODUCTION

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and other state laws.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff Winifred Pettis ("WP") is an adult individual residing at 303 Todd Street, Belmont, NC 28012.

5. Plaintiffs Caretta McLean ("CM") and Wilton McLean ("WM") are adult individuals residing at 303 Todd Street, Belmont, NC 28012 and are the parents of Plaintiff WP.

6. Defendant NCO Financial Systems, Inc. is a business entity that regularly

conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 507 Prudential Road, Horsham, PA 19044.  The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

7. At all pertinent times hereto, Defendant was hired to collect a debt allegedly owed to the original creditor by Plaintiff WP (hereafter the "debt").

8. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

9. At all times material hereto, CM and WM did not owe the debt to Defendant.

10. At all times pertinent hereto, Defendant made use of an automatic telephone dialing system to contact WM and WP on their cellular telephones.

11. At all times pertinent hereto, Plaintiffs never gave express consent to Defendant to call their cellular telephones.

12. In or around September 2010, Defendant initially contacted WP's cellular telephone number using an automatic telephone dialing system and/or an artificial or prerecorded voice to coerce payment of the debt, with the intent to annoy, abuse or harass WP.  WP stated to Defendant's representative that he did not want to receive calls on his cellular telephone and wanted to be contacted only by mail.

13. In or around September 2010, Defendant began contacting CM at her business telephone number using an automatic telephone dialing system and/or an artificial or prerecorded voice to coerce payment of the debt, with the intent to annoy, abuse or harass CM.  During this call, Defendant's representative disclosed to CM that Defendant was collecting a debt against

WP. CM explained that WP did not share her phone number and further advised Defendant's representative to not contact her again at her business phone line as it was inconvenient for her to receive such calls at that number.

14. In or around September 2010, Defendant began contacting WM on his cellular telephone using an automatic telephone dialing system and/or an artificial or prerecorded voice to coerce payment of the debt, with the intent to annoy, abuse or harass WM. During this call, Defendant's representative disclosed to WM that Defendant was collecting a debt against WP. WM explained that WP did not share his phone number and further advised Defendant's representative to not contact him telephonically again.

15. Notwithstanding the above, for the following nine months, Defendant contacted WP's cellular telephone, CM's business telephone and WM's cellular telephone multiple times per week using an automatic telephone dialing system and/or an artificial or prerecorded voice to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. Each time Defendant contacted CM or WM, each would again state that they were not responsible for the debt, that WP could not be reached at their respective telephone numbers and that they did not want to be contacted on their cellular and business telephones in the future.

16. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with persons other than the consumer about information other than the consumer's location.

17. The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and disclosing the debt to that person.

18. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer on more than one occasion.

19. The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

20. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer, without the consumer's consent.

21. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

22. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

23. Defendant knew or should have known that its actions violated the FDCPA and the TCPA. Additionally, Defendant could have taken the steps necessary to bring its actions into compliance with the FDCPA and TCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

24. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

26. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, damage to

Plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## **FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA**

27. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

28. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

29. Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

30. The above contacts by Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

31. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(a)(1), 1692c(b), 1692d(5), 1692e(10) and 1692f as evidenced by the following conduct:

  (a) Communicating with persons other than the consumer about information other than consumer's location;

  (b) Disclosing the debt to persons other than the consumer;

  (c) Communicating with persons other than the consumer on more than one occasion;

  (d) Communicating with persons at an unusual time or place or a time or place known or which should be known to be inconvenient;

(e) Communicating with persons other than the consumer without the consumer's consent;

(f) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

(g) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the alleged debt.

33. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

## SECOND CLAIM FOR RELIEF- VIOLATION OF THE TCPA

34. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

35. Defendant initiated a myriad of telephone calls using an automatic telephone dialing system and/or an artificial or prerecorded voice to WP and WM's cellular telephone numbers.

36. Defendant initiated these automated calls to WP and WM's cellular telephones using an automated telephone dialing system, which had the capacity to store or produce telephone numbers using random or sequential number generator as defined by § 227(a)(1) of the TCPA.

37. Defendant violated the TCPA. Defendant's violations include, but are not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii), 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(d)(1)(A) and 47 C.F.R.§ 64.1200 *et seq.* as evidenced by the following conduct:

    (a)    initiating telephone calls to Plaintiffs' cellular telephone using artificial or prerecorded voices to deliver messages without Plaintiffs' express consent; and

    (b)    initiating telephone calls to Plaintiffs using an automated telephone dialing system that was not in compliance with the technical and procedural standards prescribed by the TCPA.

38. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for WP and WM's rights under the law and with the purpose of coercing WP and WM pay the debt.

39. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent *bona fide* error, express consent from the Plaintiffs, lawful right, legal defense legal justification or legal excuse.

40. As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling Plaintiffs to an award of statutory, actual and treble damages.

### THIRD CLAIM FOR RELIEF- INVASION OF PRIVACY

41. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

42. Defendant, by repeatedly contacting CM during business hours on her business telephone line after being repeatedly told she is not the debtor and that such contacts were inconvenient, constitutes an invasion of privacy.

43. Defendant, by repeatedly contacting WP and WM on their cellular telephones, despite being repeatedly told that WM is not the debtor and that WP and WM did not want to receive further calls to their cellular telephones, constitutes an invasion of privacy.

44. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiffs that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiffs for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

WHEREFORE, Plaintiffs claim compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in their favor, plus lawful interest thereon.

## **JURY TRIAL DEMAND**

45. Plaintiffs demand trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Treble damages;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief as may be just and proper.

        Respectfully submitted,

        **FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark D. Mailman*
       MARK D. MAILMAN, ESQUIRE
       ERIN A. NOVAK, ESQUIRE
       Attorneys for Plaintiffs
       Land Title Building, 19th Floor
       100 South Broad Street
       Philadelphia, PA 19110
       (215) 735-8600

DATE: September 16, 2011